Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 210429-156983
DATE: July 30, 2021

ORDER

Entitlement to service connection for cause of the Veteran's death is denied.

FINDING OF FACT

1. The Veteran died in January 2021; the causes of death were end state pneumonia and dysphagia.

2. At the time of Veteran's death, service connection had been established for status post compression fracture L1 with spondylosisthesis L5-S1, evaluated as 10 percent disabling; bilateral hearing impairment, evaluated as noncompensable; and malaria, evaluated as noncompensable. 

3. The competent evidence of record does not demonstrate that it is at least as likely as not a service-connected disability caused or substantially or materially contributed to the Veteran's death. 

CONCLUSION OF LAW

The criteria for service connection for the cause of the Veteran's death have not been met. 38 U.S.C. §§ 1310, 5102, 5103, 5103A & 5107; 38 C.F.R. §§ 3.303, 3.312.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from April 1953 until April 1973. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.902 (c). 

This matter is before the Board on appeal from an April 2021 rating decision that denied entitlement to service connection for cause of death. In April 2021, the Appellant, who is the surviving spouse of the Veteran, filed a VA Form 10182 Notice of Disagreement appealing to the Board. Although the Appellant did not specifically identify the issue appealed, the Board has liberally and sympathetically interpreted the document as an appeal of the April 2021 rating decision that denied service connection for cause of death. Because the Veteran selected Direct Review by a Veterans Law Judge, the Board may only consider evidence of record at the time of the April 2021 rating decision. 

Entitlement to service connection for cause of the Veteran's death

The Appellant essentially asserts that a condition connected to the Veteran's service caused or substantially or materially contributed to his death. The Board concludes that the preponderance of the evidence is against the claim for service connection for the cause of the Veteran's death.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

When a Veteran dies from a service-connected or compensable disability, VA shall pay dependency and indemnity compensation to such Veteran's surviving spouse, children or parents. 38 U.S.C. § 1310. Service connection for the cause of the Veteran's death may be granted when the disability causing such Veteran's death was incurred or aggravated while in military service, or he died during such service. See 38 U.S.C. § 1310 (b). The death of a Veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death. 38 C.F.R. § 3.312. The principal cause of death is one which, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related thereto. 38 C.F.R. § 3.312 (b). The contributory cause of death is one that contributed substantially or materially to cause death, combined to cause death, or aided or lent assistance to the production of death. 38 C.F.R. § 3.312 (c).

In order to be a contributory cause of death, it must be shown that there were "debilitating effects" due to a service-connected disability that made the Veteran "materially less capable" of resisting the effects of the fatal disease or that a service-connected disability had "material influence in accelerating death," thereby contributing substantially or materially to the cause of death. See Lathan v. Brown, 7 Vet. App. 359 (1995); 38 C.F.R. § 3.312 (c)(1). If the service-connected disability affected a vital organ, consideration must be given to whether the debilitating effects of the service-connected disability rendered the Veteran less capable of resisting the effects of other diseases. See 38 C.F.R. § 3.312 (c)(3). A service-connected disability is one that was contracted in the line of duty and was incurred in or aggravated during active service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303.

The question for the Board is whether it is at least as likely as not the Veteran's service-connected conditions caused or substantially or materially contributed to the Veteran's death. The Board has thoroughly and sympathetically reviewed all evidence of record and concludes that service connection for the cause of the Veteran's death is not warranted.

The Veteran died in January 2021. On the death certificate, the manner of death was reported as natural, and the causes of death were end stage pneumonia and dysphagia. There were no other conditions noted as significant conditions contributing to death but not resulting in the underlying cause. 

At the time of his death, the Veteran was service-connected for status post compression fracture L1 with spondylosisthesis L5-S1, evaluated as 10 percent disabling; bilateral hearing impairment, evaluated as noncompensable; and malaria, evaluated as noncompensable.

The Veteran's service treatment records are negative for any complaints, symptoms, findings or diagnoses related to end stage pneumonia or dysphagia. 

VA treatment records were reviewed, but they do not relate to end state pneumonia or dysphagia. No additional post-service medical evidence was provided or identified by the Appellant. 

Although the Board understands the Appellant believes the Veteran's cause of death was related to his service, such a conclusion involves complex medical issues that are outside the knowledge of a person who is not a medical professional. There is no competent evidence of such a conclusion. See Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). 

The Appellant has not identified an in-service event, injury, or disease other than those already connected to service, that caused or substantially or materially contributed to the Veteran's death. There is no evidence of record of in-service occurrence or onset of end stage pneumonia or dysphagia. 

As the preponderance of the competent evidence is against the claim, the benefit of the doubt rule is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Service connection for cause of the Veteran's death must be and is denied. 

 

M.E. Larkin

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M.D. Collins, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.